**United States Department of Justice**

United States Attorney
Southern District of West Virginia

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East*
*Suite 4000*
*Charleston, WV 25301*
*1-800-659-8726*

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326*
*304-345-2200*
*FAX: 304-347-5104*

January 28, 2014

JAN 29 2014

David R. Bungard
Assistant Federal Public Defender
300 Virginia Street, East
Room 3400
Charleston, WV 25301

      Re:    *United States v. Ricky J. Mitchell, Criminal No. 2:13-00201*

Dear Mr. Bungard:

This will confirm our conversations with regard to your client, Rick Mitchell (hereinafter "Mr. Mitchell"). As a result of these conversations, it is agreed by and between the United States and Mr. Mitchell as follows:

1.    **PENDING CHARGES**. Mr. Mitchell is charged in a two-count indictment as follows:

    (a)   Count One charges Mr. Mitchell with a violation of 18 U.S.C. § 1030(a)(5)(A) (intentionally causing damage to a protected computer); and

    (b)   Count Two charges Mr. Mitchell with a violation of 18 U.S.C. § 1030(a)(5)(B) (recklessly damaging a protected computer).

2.    **RESOLUTION OF CHARGES**. Mr. Mitchell will plead guilty to a violation of 18 U.S.C. § 1030(a)(5)(A) (intentionally causing damaging to a protected computer) as charged in Count One of said indictment. Following final disposition, the United States will move to dismiss Count Two of the indictment.

3.    **MAXIMUM POTENTIAL PENALTY**. The maximum penalty to which Mr. Mitchell will be exposed by virtue of this guilty plea is as follows:

    (a)   Imprisonment for a period of 10 years;

*RJM*
_____
Defendant's
Initials

David R. Bungard
January 28, 2014                                    Re: Rick Mitchell
Page 2

(b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of 3 years;

(d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

(e) An order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664, or as otherwise set forth in this plea agreement.

4. **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Mr. Mitchell will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Mitchell will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Mitchell fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Mitchell.

5. **RESTITUTION.** Notwithstanding the offense of conviction, Mr. Mitchell agrees that he owes restitution to EnerVest Operating LLC in an amount to be determined by the Court and agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Mr. Mitchell further agrees as follows:

(a) Mr. Mitchell agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

(b) Mr. Mitchell will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

(c) Mr. Mitchell agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

(d) Mr. Mitchell agrees to fully cooperate with the United States in the liquidation of

_____
Defendant's Initials

David R. Bungard
January 28, 2014                                              Re: Rick Mitchell
Page 3

        assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

    (e)    Mr. Mitchell agrees not to appeal any order of the District Court imposing restitution on any grounds regardless of the amount or method imposed.

    6.    **PAYMENT OF MONETARY PENALTIES.**  Mr. Mitchell agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Mitchell further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    7.    **COOPERATION.**  Mr. Mitchell will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Mitchell may have counsel present except when appearing before a grand jury.

    8.    **USE IMMUNITY.**  Unless this agreement becomes void due to a violation of any of its terms by Mr. Mitchell, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by Mr. Mitchell pursuant to this agreement, or any evidence developed therefrom, will be used against Mr. Mitchell, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

    9.    **LIMITATIONS ON IMMUNITY.**  Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Mitchell for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Mitchell for perjury or false statement if such a situation should occur pursuant to this agreement.

    10.    **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Mitchell knowingly and voluntarily waives his right to seek appellate review of his conviction and of any

                                                                                     *RJM*
                                                                                    Defendant's
                                                                                    Initials

David R. Bungard
January 28, 2014                      Re: Rick Mitchell
Page 4

sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

      Mr. Mitchell also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

      The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

      11.     **WAIVER OF FOIA AND PRIVACY RIGHT**. Mr. Mitchell knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

      12.     **FINAL DISPOSITION**. The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

      (a)     Inform the Probation Office and the Court of all relevant facts and conduct;

      (b)     Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

      (c)     Respond to questions raised by the Court;

      (d)     Correct inaccuracies or inadequacies in the presentence report;

      (e)     Respond to statements made to the Court by or on behalf of Mr. Mitchell;

      (f)     Advise the Court concerning the nature and extent of Mr. Mitchell's cooperation; and

                                                                                Defendant's Initials

David R. Bungard  
January 28, 2014                                      Re: Rick Mitchell  
Page 5

(g) Address the Court regarding the issue of Mr. Mitchell's acceptance of responsibility.

13. **VOIDING OF AGREEMENT.** If either the United States or Mr. Mitchell violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

14. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Mitchell in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Mitchell in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

R. BOOTH GOODWIN II  
United States Attorney

By: _____  
THOMAS C. RYAN  
Assistant United States Attorney

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this five page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____      1/28/14  
RICKY J. MITCHELL                              Date Signed  
Defendant

_____      1/28/14  
DAVID R. BUNGARD                         Date Signed  
Counsel for Defendant