**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**RICKY JOE MITCHELL,**

      **Movant,**

**v.**                      **Case No.  2:15-cv-05501**
                             **Case No.  2:13-cr-00201**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the United States' Motion for an Order Directing Movant to File a Privilege Waiver and an Order Directing Movant's Former Counsel to Provide Information to the United States Concerning Movant's Claim of Ineffective Assistance of Counsel and an Abeyance (ECF No. 94).  For the reasons that follow, it is hereby **ORDERED** that the United States' Motion (ECF No. 94) is **GRANTED IN PART** and **DENIED IN PART**.

## I.     PROCEDURAL HISTORY

On May 5, 2015, Movant filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 90).  In the motion, Movant alleges various claims of ineffective assistance of counsel by his trial counsel, David R. Bungard, Assistant Federal Public Defender.  Specifically, Movant claims that Mr. Bungard:  (1) negotiated a plea with the United States prior to informing him of the potential sentence: (2) did not advise Movant that the charge to which he pled guilty "carried a four point sentencing guideline enhancement;" (3) did not advise Movant of the

potential sentence he faced if he rejected the United States' initial plea offer; (4) did not negotiate Movant's right to appeal his sentence and restitution amount; (5) did not calculate the damages Movant would have to pay in restitution until after the plea agreement was signed; (6) did not offer expert testimony on behalf of Movant; (7) did not depose a key witness prior to the key witness's testimony at sentencing; and (8) did not allow Movant to testify on his own behalf at sentencing. (*Id.*)

On December 9, 2015, the undersigned directed the United States to file a response to Movant's section 2255 motion by January 25, 2016. (ECF No. 92). The United States now seeks an Order directing Movant to file a waiver of the attorney-client privilege and an Order directing Mr. Bungard to provide relevant and necessary information directly related to Movant's ineffective assistance of counsel claims. The United States also requests that the court hold this matter in abeyance until the court has ruled on the motion and the waiver is filed. (ECF No. 94).

## II.   <u>ANALYSIS</u>

In considering the United States' motion, the Court must take into account the professional and ethical responsibilities of Movant's attorneys, as well as the obligation of the Court to ensure a fair, orderly, and efficient judicial proceeding. Obviously, Mr. Bungard has a basic duty under any jurisdiction's standards of professional conduct to protect the Movant's attorney-client privilege. Rule 83.7 of the Local Rules of this District provides that:

> In all appearances, actions and proceedings within the jurisdiction of this court, attorneys shall conduct themselves in accordance with the Rules of Professional Conduct and the Standards of Professional Conduct promulgated and adopted by the Supreme Court of Appeals of West Virginia, and the Model Rules of Professional Conduct published by the American Bar Association.

Both the Rules of Professional Conduct promulgated by the Supreme Court of Appeals of West Virginia and the American Bar Association's ("ABA") Model Rules of Professional Conduct address the confidentiality of information shared between an attorney and his or her client.  *See* West Virginia Rules of Professional Conduct 1.6 and 1.9(b); Model Rules 1.6 and 1.9(c). These rules substantially limit the circumstances under which an attorney may reveal privileged communications without an express and informed waiver of the privilege by the client.

Moreover, on July 14, 2010, the ABA's Committee on Ethics and Professional Responsibility issued Formal Opinion 10-456, entitled "Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim." Although this opinion is not binding on the court, *see, e.g., Jones v. United States,* 2012 WL 484663 *2 (E.D.Mo. Feb. 14, 2102); *Employer's Reinsurance Corp. v. Clarendon Nat. Ins. Co.,* 213 F.R.D. 422, 430 (D. Kan 2003), it provides a reasoned discussion of the competing interests that arise in the context of an ineffective assistance of counsel claim and their impact on the continued confidentiality of attorney-client communications.

In summary, the ABA acknowledges in the opinion that "an ineffective assistance of counsel claim ordinarily waives the attorney-client privilege with regard to some otherwise privileged information," but cautions that this waiver does not operate to fully release an attorney from his or her obligation to keep client information confidential unless the client gives informed consent for disclosure or disclosure is sanctioned by an exception contained in Model Rule 1.6. After examining the various exceptions contained in Model Rule 1.6, the ABA concludes that disclosure may be justified in certain circumstances; however, any such disclosure should be limited to that which the

attorney believes is reasonably necessary and should be confined to "court-supervised" proceedings, rather than *ex parte* meetings with the non-client party.

Upon examining the provisions of West Virginia's Rule of Professional Conduct 1.6, the undersigned notes that 1.6(b)(2) permits a lawyer to "reveal such information [relating to the representation of a client] to the extent the lawyer reasonably believes necessary ... to respond to allegations in any proceeding concerning the lawyer's representation of a client." In the Comment that follows the Rule, the Supreme Court of Appeals instructs the lawyer to "make every effort practicable to avoid unnecessary disclosure of information relating to a representation, to limit disclosure to those having the need to know it, and to obtain protective orders or make other arrangements minimizing the risk of disclosure." Ultimately, however, a lawyer must comply with orders of a court of competent jurisdiction, which require the lawyer to disclose information about the client.  Similarly, Model Rule 1.6(b)(5) authorizes an attorney to reveal information regarding the representation of a client to the extent the lawyer reasonably believes necessary "to respond to allegations in any proceeding concerning the lawyer's representation of the client." Furthermore, Model Rule 1.6(b)(6) explicitly states that the lawyer may disclose such information "to comply with other law or a court order." In view of these provisions, the Court finds that Mr. Bungard may, without violating the applicable Rules of Professional Conduct, disclose information in this proceeding regarding his communications with Movant to the extent reasonably necessary to comply with an order of this Court or to respond to the allegations of ineffective representation.

Having addressed the professional responsibilities of Mr. Bungard, the Court turns to its authority and obligations. As previously noted, federal courts have long held

that when a "habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford,* 331 F.3d 715, 716 (9th Cir. 2003).[1] Subsequent to the opinion in *Bittaker,* Rule 502 of the Federal Rules of Evidence was enacted to explicitly deal with the effect and extent of a waiver of the attorney-client privilege in a Federal proceeding. Rule 502(a)[2] provides in relevant part:

> When the disclosure is made in a Federal proceeding or to a Federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a Federal or State proceeding only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together.

Nonetheless, the Court retains authority to issue a protective order governing production of the privileged information, including the method by which the currently undisclosed communications will be disclosed. *See* Rule 12, Rules Governing § 2255 Proceedings; Fed .R. Civ. P. 26(c); and Fed. R. Evid. 503(d); *See also United States v. Nicholson,* 611 F.3d 191, 217 (4th Cir. 2010). Rule 7 of the Rules Governing Section 2255 Proceedings expressly authorizes the use of affidavits as part of the record. In order to determine whether an evidentiary hearing is necessary, an affidavit submitted by Mr. Bungard would be useful to the Court. Moreover, such an affidavit and any supporting

---

[1] *See also United States v. Pinson,* 584 F.3d 972 (10th Cir. 2009); *In re Lott,* 424 F.3d 446 (6th Cir. 2005); *Johnson v. Alabama,* 256 F.3d 1156 (11th Cir. 2001); *Tasby v. United States,* 504 F.2d 332 (8th Cir. 1974); *Dunlap v. United States,* 2011 WL 2693915 (D.S.C.); *Mitchell v. United States,* 2011 WL 338800 (W.D. Wash).

[2] The Federal Rules of Evidence are applicable in a § 2255 proceeding "to the extent that matters of evidence are not provided for in the statutes which govern procedure therein or in other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 1101(e). *See also U.S. v. Torrez-Flores,* 624 F.2d 776 (7th Cir 1980); *United States v. McIntire,* 2010 WL 374177 (S.D. Ohio); *Bowe v. United States,* 2009 WL 2899107 (S.D. Ga.); *Rankins v. Page,* 2000 WL 535960 (7th Cir.); *Ramirez v. United States,* 1997 WL 538817 (S.D.N.Y). The statutes and rules governing § 2255 actions do not address the assertion or waiver of the attorney-client privilege.

documents should supply the basic information required by the United States to allow it to respond to Movant's section 2255 motion while simultaneously ensuring a reasonable limitation on the breadth of the waiver of the attorney-client privilege.

### III.   ORDER

Therefore, for the forgoing reasons, it is hereby **ORDERED** that the United States' Motion for a Written Privilege Waiver (ECF No. 94-1) is **DENIED**.  However, it is further **ORDERED** that the United States' Motion for an Order Directing Movant's Former Counsel to Provide Information to the United States Concerning Movant's Claim of Ineffective Assistance of Counsel (ECF No. 94-2) is **GRANTED** to the extent that Mr. Bungard is **ORDERED** to file an affidavit responding only to Movant's specific claims of ineffective assistance of counsel by **February 23, 2016**.  The affidavit shall include all of the information the attorney believes is necessary to fully respond to the claims and shall include as attachments copies of any documents from his file that each attorney believes to be relevant and necessary to a determination of the specific claims of ineffective assistance of counsel raised by Movant in his section 2255 motion. To the extent that any documents produced address other aspects of the attorney's representation of Movant, the attorney may redact them.  In preparing the affidavit and attachments, counsel should disclose only that information reasonably necessary to ensure the fairness of these proceedings.

Additionally, the undersigned finds that specific court-imposed limitations on the use of the privileged information are necessary to protect Movant's future interests. As noted by the Fourth Circuit in *United States v. Nicholson, supra*, 611 F.3d at 217, citing *Bittaker v. Woodford, supra* at 722-723 (9th Cir. 2003), a protective order prohibiting the subsequent and unfettered use of privileged information disclosed in a section 2255

proceeding is entirely justified, because otherwise the movant would be forced to make a painful choice between "asserting his ineffective assistance claim and risking a trial where the prosecution can use against him every statement he made to his first lawyer" or "retaining the privilege but giving up his ineffective assistance claim." Accordingly, it is hereby **ORDERED** that the attorney-client privilege, which attaches to the communications between Movant and his former counsel, shall not be deemed automatically waived in any other Federal or State proceeding by virtue of the above-ordered disclosure in this section 2255 proceeding. The affidavit and documents supplied by Movant's former counsel shall be limited to use in this proceeding, and the United States is prohibited from otherwise using the privileged information disclosed by Movant's former counsel without further order of a court of competent jurisdiction or a written waiver by Movant.

Finally, it is hereby **ORDERED** that the United States' motion for an abeyance (ECF No. 94-3) is **GRANTED**.  It is further **ORDERED** that the United States' response to Movant's section 2255 motion shall be filed by **March 8, 2016**, and Movant's reply shall be filed by **April 8, 2016**.

The Clerk is instructed to provide a copy of this Order to Movant, counsel of record, and Mr. David R. Bungard, Assistant Federal Public Defender.

ENTER:      January 19, 2016

Dwane L. Tinsley
United States Magistrate Judge